UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON MCCORD FAIRBANKS,<br>Petitioner,<br>v.<br>COVELLO,<br>Respondent. | Case No. 19-05471 EJD (PR)<br><br>**ORDER TO SHOW CAUSE; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 3, 5) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.[1] Petitioner has filed a motion for appointment of counsel, (Docket No. 3), and a motion for leave to proceed in forma pauperis, (Docket No. 5).

**BACKGROUND**

Petitioner was convicted by a jury in Contra Costa County Superior Court of voluntary manslaughter. (Pet. at 1-2.) Petitioner was sentenced to 25 years to life on August 25, 2017. (Id. at 1.)

---

[1] The matter was reassigned to this Court on October 7, 2019. (Docket No. 7.)

Petitioner appealed the matter to the state appellate and state high court, but without success. (Id. at 3.)

Petitioner filed this federal habeas action on August 30, 2019.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

### B. Legal Claims

Petitioner claims the following as grounds for federal habeas relief: (1) violation of due process and right to present a defense by the trial court's refusal to allow a defense witness to testify; (2) jury instructional error; and (3) ineffective assistance of counsel. (Pet. at 5.) Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

### C. Motion for Appointment of Counsel

Petitioner has filed a motion for appointment of counsel. (Docket No. 3.) The Sixth Amendment's right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. Id.; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). The petition filed in pro se is well-presented and clearly states his claims. (See Docket No. 1.) Furthermore, it does not appear that an evidentiary hearing is necessary at this stage of the proceedings, and there are no exceptional

1 │ circumstances to warrant appointment of counsel at this time. Accordingly, Petitioner's motion for appointment of counsel is **DENIED** without prejudice to the Court's sua sponte reconsideration should the Court later find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all

3

parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

6. Petitioner's motion for appointment of counsel is **DENIED** for lack of exceptional circumstances. (Docket No. 3.)

7. Petitioner's motion for leave to proceed in forma pauperis is **GRANTED**. (Docket No. 5.)

This order terminates Docket Nos. 3 and 5.

**IT IS SO ORDERED**.

Dated: 12/5/2019

_____
EDWARD J. DAVILA
United States District Judge

Order to Show Cause; Pending Motions
P:\PRO-SE\EJD\HC.19\05471Fairbanks_osc&ifp

4